IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY J. SMITH, *et al.*,

    Plaintiffs

    v.

GENERAL MILLS, INC., *et al.*,

    Defendants.

CASE NO. C2 04-705

JUDGE GREGORY L. FROST

Magistrate Judge Norah McCann King

**OPINION AND ORDER**

    Plaintiff Anthony J. Smith asserts an intentional tort claim against General Mills Operations, Inc. ("GMO") seeking recovery for work related injuries. The minor plaintiffs assert claims of loss of parental consortium and support. Plaintiffs also challenge the constitutionality of Ohio's workers compensation subrogation law. GMO filed cross claims against A.M. Kinney, Inc. ("Kinney"), alleging that Kinney negligently designed the equipment that injured plaintiff and also alleged breach of contract and workers compensation subrogation. Doc. No. 62. This matter is before the Court on *Defendant General Mills Operations, Inc.'s Motion for a Protective Order Related to the 30(b)(6) Notice of Deposition of Defendant A.M. Kinney, Inc.* ("*GMO's Motion for Protective Order*"). Doc. No. 104. For the reasons set forth below, GMO's motion is **DENIED**.

**I.    BACKGROUND**

    On August 3, 2003, plaintiff Anthony J. Smith was seriously injured when, while cleaning a fryer at the GMO facility located in Wellston, Ohio, hot cooking oil mixed with water

and exploded. *Amended Complaint*, ¶¶ 11, 12, 13. On August 8, 2004, plaintiff filed this action against GMO.

On July 12, 2005, GMO filed cross claims against Kinney and these parties have since engaged in discovery. *GMO's Motion for Protective Order*, at 2. Kinney has taken or will take the depositions of 14 individuals who are either former or current employees of GMO. *Id.*

On December 20, 2005, Kinney served a *Rule 30(b)(6) Notice of Deposition* on GMO. *Affidavit of Kimberly E. Ramundo* ("*Ramundo Aff.*"), at ¶ 2 and *Exhibit* attached thereto[1]; *Notice of Deposition*, *Exhibit A* attached to *GMO's Motion for Protective Order*. In the *Rule 30(b)(6) Notice of Deposition*, Kinney asks GMO to identify a corporate witness or corporate witnesses to testify about the factual bases supporting the cross claims GMO made against it. *Id.*

In response to the *Rule 30(b)(6) Notice of Deposition*, GMO informed Kinney that it would identify the proper corporate witness. *Ramundo Aff.* ¶ 3. However, on February 7, 2006, GMO changed its position and asserted that the deposition notice was improper. *Ramundo Aff.* ¶ 4.

On February 15, 2006, GMO filed *GMO's Motion for Protective Order*. Doc. No. 104. On March 7, 2006, Kinney filed *Defendant A.M. Kinney, Inc.'s Memorandum in Opposition to Defendant General Mills Operations, Inc.'s Motion for a Protective Order Related to the 30(b)(6) Deposition* ("*Kinney's Memorandum Contra*"). Doc. No. 119. In reply, GMO filed *Defendant General Mills Operations, Inc.'s Reply Memorandum in Support of its Motion for Protective Order*. Doc. No. 123.

---

[1] Kimberly E. Ramundo is one of Kinney's trial attorneys. Her affidavit is attached as *Exhibit 1* to Kinney's opposition memorandum to *GMO's Motion for Protective Order*. Doc. No. 119.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 26 governs motions for protective orders and provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (1) that the disclosure or discovery not be had;
> > . . .
> > (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Fed. R. Civ. P. 26(c)(1), (4). The Court is satisfied that the prerequisites to seeking a motion for a protective order have been met in this case.

"The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "To show good cause, a movant for a protective order must articulate specific facts showing a 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D. D.C. 1987)).

The grant or denial of a motion for a protective order falls within the "broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988).

## III. ANALYSIS

In the case *sub judice*, GMO requests an order protecting it from producing a corporate witness for deposition as requested by the *Rule 30(b)(6) Notice of Deposition*. The deposition of a corporate designee is governed by Fed. R. Civ. P. 30(b)(6), which provides in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Fed. R. Civ. P. 30(b)(6). GMO contends that the Rule 30(b)(6) Notice of Deposition is improper, duplicative and unduly burdensome.

### A. Improper and Unduly Burdensome

GMO asks for a protective order because "no valid reason exists for this improper [and] unnecessary discovery to go forward." *GMO's Motion for Protective Order*, at 6. GMO argues:

> Kinney seeks to take the Rule 30(b)(6) deposition of an agent of GMO who may testify as to, *inter alia*, "the factual bases supporting the allegations in GMO's cross claim against Kinney." This and other requests by Kinney necessarily call for legal opinions that are protected by the work product and attorney-client privileges. Further, because a Rule 30(b)(6) deponent must be knowledgeable on the topics that have been noticed, counsel for GMO would have to educate and prepare this representative on a myriad of legal issues in order for him or her to properly testify. Such an inefficient method of discovery is overly burdensome and would be the equivalent of conducting the deposition of GMO's counsel.

*GMO's Motion for Protective Order*, at 5.

In opposition, Kinney notes that its deposition does not seek legal opinions. *Kinney's Memorandum Contra*, at 4. Instead, Kinney asserts that it seeks only the facts that purportedly

4

support GMO's claims against it, and that this factual information is properly discovered through a Rule 30(b)(6) deposition. *Id.* The Court agrees.

As Kinney correctly notes, numerous courts have ruled that a Rule 30(b)(6) notice of deposition that seeks the factual bases for another party's claims or defenses is proper. *See Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 33-35 (D. Conn. 2003) (third-party defendant required to name Rule 30(b)(6) witness to testify as to its denials to the third-party complaint); *U.S. v. McDonnell Douglas Corp.*, 961 F.Supp. 1288, 1290 (E.D. Mo. 1997) (overruling work product objections to Rule 30(b)(6) deposition question and ruling that defendant was entitled to inquire into the factual bases of the government's allegations); *Resolution Trust Corp. v. Sands*, 151 F.R.D. 616, 620 (N.D. Tex. 1993) (requiring party to "designate someone to state the facts upon which the [other party] bases its claims" of negligence, gross negligence and breach of fiduciary duty); *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 272-77 (D. Neb. 1989) (party entitled to discover through Rule 30(b)(6) deposition the factual bases for contentions in counterclaim); *Bd. of Regents v. Nippon Telephone and Telegraph Corp.*, 2004 U.S. Dist LEXIS 28819, **15-17 (W.D. Tex. June 1, 2004) (improper to refuse to provide Rule 30(b)(6) testimony regarding the factual bases of its affirmative defenses).

*Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, *supra*, is particularly persuasive. In that case, the defendant's Rule 30(b)(6) spokesperson refused to "[a]nswer questions concerning the factual basis of [the defendant's] allegations in its answer and counterclaim[.]" *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. at 270. Thus, the issue before the court was the same as that before this Court, *i.e.*, whether the party that issued the Rule 30(b)(6) notice

of deposition was "entitled to know the factual basis for allegations contained in the answer and counterclaim" *Id.*, at 277. The court decided this issue by analyzing "(a) The provisions of Federal Rule of Civil Procedure 30(b)(6), (b) the applicability of the attorney-client privilege, and (c) the applicability of the work product 'privilege.'" *Id.* This framework is useful in analyzing the instant motion.

First, pursuant to Fed. R. Civ. P. 30(b)(6), a corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters.'" *Id.*, at 278 (citing *Mitsui & Co. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981) (required a corporation to designate a 30(b)(6) spokesperson and imposing fees and sanctions for the failure to do so).) *See also Reilly v. NatWest Markets Group Inc.*, 181 F.3d 253, 258 (2d 1999) (if the deposition is not precluded, it places an "affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf."); *United States v. Taylor*, 166 F.R.D. 356 (M.D. N.C. 1996) ("Once served with a Rule 30(b)(6) notice, the corporation is compelled to comply, and it may be ordered to designate witnesses if it fails to do so") (citing 8A Charles A. Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 2103, at 33 (2d ed. 1994)).

Thus, assuming that the subject matter of the *Rule 30(b)(6) Notice of Deposition* is not objectionable, GMO is obligated to name and prepare a person or persons to testify on its behalf.

Second, the attorney-client privilege does not preclude inquiry into the factual bases of the cross claims. As the Court in *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, explained:

> No contention can be made that the attorney-client privilege precludes disclosure of factual information. The privilege does not protect facts communicated to an attorney. *Upjohn Co. v. U. S.*, 449 U.S. 383, 395-96 (1981).

*Id.*, 137 F.R.D. at 278-79 (citing *Sedco Int'l, S. A. v. Cory*, 683 F.2d 1201, 1205 (8th Cir. 1982).) That is, the "privilege attaches to the communication itself, not to the facts communicated." *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 630 (M.D. Penn. 1997) (citing *Upjohn Co.*, 449 U.S. at 395-96 and *United Coal Co. v. Powell Constr. Co.*, 839 F.2d 958, 965 (3d Cir. 1988)).

In the instant case, it is evident that Kinney does not seek communications between client and lawyer but is instead seeking the "factual bases supporting the allegations in the cross claim." *Notice of Deposition*, *Exhibit A* attached to *GMO's Motion for Protective Order*. "This essential distinction renders the claim of attorney-client privilege improper." *Protective Nat'l Ins. Co.*, 137 F.R.D. at 279.

Thus, GMO's spokesperson, to the extent that he or she is able, must be prepared to recite the facts upon which GMO relies to support the allegations in the cross claims which are not purely legal, even though those facts may have been provided to her or her employer by GMO's lawyers. *See id.*

Third, the work product privilege is not implicated unless the inquiring party asks the corporate deponent questions which "improperly tend to elicit the mental impressions of the party's attorneys." *Id.*, at 283. In the case *sub judice*, work product privilege will not be implicated because the Court hereby directs Kinney, when formulating questions to the corporate

7

deponent, to avoid asking questions of the deponent that are intended to elicit GMO's "counsel's advice" or "counsel's view as to the significance or lack thereof of particular facts, or any other matter that reveals [GMO's] counsel's mental impressions concerning this case." *Id.*, at 279, 283 (citing *Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359, 361 (E.D. Pa. 1979)).

Based on the foregoing, the Court concludes that the requested testimony is neither improper nor unduly burdensome.

### B. Duplicative Testimony

GMO also complains that *Kinney's Motion for a Protective Order* is duplicative and that the information sought by the noticed deposition has been or will be obtained from other sources during the course of discovery. *GMO's Motion for Protective Order*, at 5-6. Specifically, GMO argues:

> Kinney seeks to depose a "managing agent" of GMO with knowledge of the events giving rise to the present litigation by notice a Rule 30(b)(6) deposition; however, Kinney has already noticed the depositions of all persons with such knowledge. Thus, the factual discovery that Kinney seeks through the instant Rule 30(b)(6) deposition is readily obtainable through the 14 witnesses that Kinney has already identified.
>
> Kinney has noticed the depositions of 14 GMO employees with knowledge regarding the pending lawsuit. These deponents are the only individuals who are known to possess such information. Deposing these witnesses again in the context of a 30(b)(6) deposition will not elicit new or different testimony that these witnesses would provide during their fact depositions.

*Id.* Kinney contends that GMO cannot escape its Rule 30(b)(6) obligations by claiming that individual fact witnesses have or will testify on the same issues. at 6. The Court agrees.

Courts have soundly rejected GMO's argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition. *See, e.g.*, *Foster-Miller, Inc. v. Babcock &*

8

*Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (imposing sanctions and fees for refusing to produce 30(b)(6) witnesses because the issuing party "had in early stages of the case already deposed the employees"); *Commodity Futures Trading Comm. v. Midland Rare Coin Exch. Inc.*, Case No. 97-7422-CIV, 1999 U.S. Dist. LEXIS 16939, *9-10 (S.D. Fla. July 28, 1999) (Rule 30 allows deposition of witness in her individual capacity and in corporate capacity because the depositions serve distinct purposes, impose different obligations and involve different ramifications).

As one district court recently explained when ordering Rule 30(b)(6) depositions for individuals who had already been deposed as fact witnesses:

> To the extent [the defendant] argues that plaintiffs have already taken the deposition testimony of several individuals concerning these subjects, its objection is immaterial.
>
> The testimony of a witness noticed as an individual does not bind an entity as a 30(b)(6) witness does. As I previously noted in this case, "[a] deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Capital, LLC*, 01 Civ. 2145, 2001 U.S. Dist. LEXIS 20637 (S.D. N.Y. Dec. 12, 2001), citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994). *See generally United States v. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996); *accord Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126, 127-28 (D. Md. 2002). Thus, the fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject.

*Sabre v. First Dominion Capital, LLC*, Case No. 01 Civ 2145, 2002 U.S. App. LEXIS 22193, *7-8 (S.D. N.Y. Nov. 7, 2002). *See also Abbott Lab. v. Alpha Therapeutic Corp.*, Case No. 97-C-1292, 2001 U.S. Dist. LEXIS 8540, *5-6 (N.D. Ill. Jan. 31, 2001) ("this Court finds that Abbott has the right to question Mr. Colton and Ms. Oberscheven as Rule 30(b)(6) witnesses on

all matters relating to the Rule 30(b)(6) subjects for which [the corporation] has designated them, regardless of whether the same or similar questions were asked at their fact depositions"). Indeed, Rule 30(b)(6) itself clearly states that it "does not preclude taking a deposition by any other procedure authorized [by the Rules of Civil Procedure]." Fed. R. Civ. P. 30(b)(6).

Moreover, the 14 witnesses that have been or will be deposed are or were under no duty to educate themselves about all information available to the corporation on a particular topic as a Rule 30(b)(6) deponent is obligated. Finally, and as the *Sabre* court recognized, *supra*, the testimony of individual fact witnesses does not bind GMO in the same way as Rule 30(b)(6) testimony would. *Sabre*, 2002 U.S. App. LEXIS at *7-8. *See also Reilly*, 181 F.3d at (2d. Cir. 1999) (a Rule 30(b)(6) deponent must be able to "give complete, knowledgeable and binding answers on [the corporation's] behalf.").

Thus, the Court concludes that the requested testimony is not duplicative. Accordingly, GMO has not has not met its burden of showing that compliance with the *Rule 30(b)(6) Notice of Deposition* would cause it to suffer a "clearly defined and serious injury.'" *See Nix*, 11 Fed. Appx. at 500.

**WHEREUPON**, in light of the foregoing, *GMO's Motion for a Protective Order*, Doc. No. 104, is **DENIED**. GMO is ordered to timely name a corporate representative or corporate representatives to appear at the noticed Rule 30(b)(6) deposition. Kinney is ordered to proceed with the deposition in accordance with this *Opinion and Order*.

   April 13, 2006                                                                      s/Norah McCann King
Date                                                                                   Norah M<sup>c</sup>Cann King
                                                                                       United States Magistrate Judge