**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ANTHONY J. SMITH, *et al.*,

     **Plaintiffs**

    **v.**                       **CASE NO.  2:04-CV-705**
                                        **JUDGE GREGORY L. FROST**
                                      **Magistrate Judge Norah McCann King**

GENERAL MILLS, INC., *et al.*,

     **Defendants.**

## OPINION AND ORDER

     Plaintiff Anthony J. Smith asserts an intentional tort claim against General Mills Operations, Inc. ("GMO") seeking recovery for work related injuries.  The minor plaintiffs assert claims of loss of parental consortium and support.  Plaintiffs also challenge the constitutionality of Ohio's workers compensation subrogation law.  GMO filed cross claims against A.M. Kinney, Inc. ("Kinney"), alleging that Kinney negligently designed the equipment that injured plaintiff.  GMO, a self-insuring employer, also asserted a counter claim and a cross claim in subrogation.  Doc. No. 62.  This matter is before the Court on *Kinney's Motion to Compel*.  Doc. No. 86.  For the reasons set forth below, Kinney's motion is **DENIED**.

## I.

     On August 3, 2003, plaintiff Mr. Smith was seriously injured when, while cleaning a fryer at the GMO facility located in Wellston, Ohio, hot cooking oil mixed with water and exploded.  *Amended Complaint*, ¶¶ 11, 12, 13.  On August 8, 2004, plaintiff filed this action against GMO. On July 12, 2005, GMO filed cross claims against Kinney and these parties have since engaged in discovery.  *GMO's Motion for Protective Order*, at 2.

On October 28, 2005, Kinney served upon GMO its first request for production of documents and interrogatories. *Affidavit of Christopher M. Bechhold* attached to *Kinney's Motion to Compel* ("*Bechhold Aff.*"), ¶ 2. On December 2, 2005, GMO responded to those discovery requests. *Id.*, ¶ 3. In its December 22, 2005, motion to compel, Kinney complains that many of GMO's "'responses' are inadequate, non-responsive and improper." *Kinney's Motion to Compel*, at 2.

> On December 7, 2005, counsel for Kinney and counsel for GM[O] discussed, via telephone conference call, the numerous deficiencies and inadequacies in GM[O]'s discovery responses, and counsel for Kinney requested full and complete responses. To date, GM[O] has not provided additional responses.

*Id.*, at 2 (citing *Bechhold Aff.*, ¶¶ 4, 5).

GMO opposes Kinney's motion, arguing, *inter alia*, that Kinney has not made a good faith effort to resolve this discovery dispute extrajudicially. *GMO's Memorandum in Opposition to Kinney's Motion to Compel*, at 2-3. GMO contends that it

> (1) had provided some of the contested information to Kinney's counsel pursuant to an agreement reached during a December 7, 2005 conference call and (2) was in the process of producing additional documents to Kinney (about which it had clearly informed Kinney's counsel) at the time the Motion to Compel was filed.

*Id.*

GMO was unaware of Kinney's intent to file a motion to compel until it received notice of the actual filing of the motion. *Id.* In its memorandum *contra*, GMO identifies "the issues discussed and resolved" during the December 7, 2005, conference call. *Id.* citing *Affidavit of Lisa Pierce Reisz* attached to *GMO's Memorandum in Opposition to Kinney's Motion to Compel* ("*Reisz Aff.*"), ¶¶ 4-16. GMO argues:

> Despite these resolutions and without notice to GMO, on December 22, 2005, Kinney filed a Motion to Compel the production of interrogatory answers and

documents from GMO.  Indeed, Kinney's Motion to Compel requested the
production of documents that GMO had already agreed to produce, as well as
information responsive to interrogatories that Kinney did not even raise during
the conference call.

Shortly after Kinney filed its Motion to Compel, counsel for GMO telephoned
counsel for Kinney on the afternoon of December 22, 2005, in one last effort to
resolve these discovery issues without court intervention.  Counsel for Kinney,
however, failed to return this telephone call.

*GMO's Memorandum in Opposition to Kinney's Motion to Compel*, at 2; *Reisz Aff.*, ¶¶ 20-22.

In its reply memorandum, Kinney does not represent that it advised GMO of its intention

to file a motion to compel nor does Kinney dispute GMO's contention that Kinney's

extrajudicial attempt to resolve this discovery dispute consisted of one telephone conference.

Instead, Kinney replies:

Despite GM[O]'s contentions to the contrary, after the parties' conference call on
December 7, 2005, issues remained regarding the sufficiency of GM[O]'s
responses.  In fact, even though GM[O] makes much of the fact that it agreed to
produce some additional information, to date, GM[O] still has not provided
adequate responses.

*Reply Memorandum in Support of Motion to Compel*, at 1.

## II.

Federal Rules of Civil Procedure 37 authorizes a motion to compel discovery when a

party fails to answer interrogatories submitted under Fed. R. Civ. P. 33 or to provide proper

response to requests for production of documents under Fed. R. Civ. P. 34.  Fed. R. Civ. P. 37(a)

expressly provides that a "party, upon reasonable notice to other parties . . . may apply for an

order compelling disclosure or discovery . . . ."  The application for the order compelling

discovery made by "motion must include a certification that the movant has in good faith

conferred or attempted to confer with the party not making the disclosure in an effort to secure

the disclosure without court action." *Id.*

Kinney's single telephone conference with opposing counsel falls far short of the exhaustion of extrajudicial means of resolving discovery disputes required by both the Federal Rules of Civil Procedure and the Local Rules of this Court.  Federal Rules of Civil Procedure 37(a) requires "reasonable notice" to opposing counsel of a party's intent to file a motion to compel prior to the time that the motion is filed.  It is undisputed that Kinney did not inform GMO that it intended to file a motion to compel and, in fact, filed the motion notwithstanding GMO's agreement to supplement its original response.  Indeed, it appears that, at the time the motion was filed, GMO was in the process of gathering for production certain documents which are now the subjects of *Kinney's Motion to Compel.*  Kinney has simply failed to meet the "reasonable notice" requirement of Rule 37(a).

Additionally, this Court's Local Rules are clear:

> Objections, motions, applications, and requests relating to discovery <u>shall not</u>  be filed in this Court, under any provision in Rules 26 and 37, Fed. R. Civ. P., unless counsel have <u>first exhausted among themselves **all** extra-judicial means</u> for resolving the differences.  ....

S.D. Ohio Civ. R. 37.1 (emphasis added).  Only if attempts at resolution fail, and the parties are truly at impasse, is it appropriate to file a motion to compel under Fed. R. Civ. P.  37 and S.D. Ohio Civ. R. 37.2.  In this case, GMO was apparently under the impression that it had in fact resolved the majority of the issues that Kinney now addresses in its motion to compel.  *GMO's Memorandum in Opposition to Kinney's Motion to Compel*, 1-2; *Reisz Aff.*, ¶¶. The motion to compel will therefore be denied.

GMO requests that Kinney be required to reimburse it for its costs in opposing Kinney's prematurely filed motion to compel.  Although the Court declines to award sanctions under these

4

circumstances, the Court will not hesitate to do so in the future should any party file a discovery-related motion without first fully exhausting all extra-judicial means of resolving the dispute.

     **WHEREUPON**, in light of the foregoing, *Kinney's Motion to Compel*, Doc. No. 86, is **DENIED**.


<u>May 3, 2006</u>                            <u> *s/Norah McCann King*         </u>
Date                                      Norah M$^c$Cann King
                                           United States Magistrate Judge