UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

ANTHONY J. SMITH, et al.,

       Plaintiffs,                    Case No. 2:04-cv-705
                                         JUDGE GREGORY L. FROST
      v.                                Magistrate Judge Norah McCann King

GENERAL MILLS, INC., et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for summary judgment (Doc. # 101) filed by A.M. Kinney, Inc., a memorandum in opposition (Doc. # 107) filed by General Mills Operations, Inc., and a reply memorandum (Doc. # 120) filed by A.M. Kinney, Inc. For the reasons that follow, the Court finds the motion not well taken.

### I.  Background

On August 3, 2003, Anthony J. Smith, was working for General Mills in its Wellston, Ohio plant when he was showered by an eruption of hot oil from storage tanks for fryers used to make pizza rolls. Smith sustained injuries and subsequently filed this action on August 4, 2004. One of the defendants named in that action is General Mills Operations, Inc. ("GMO").

On July 12, 2005, GMO filed four cross-claims against A.M. Kinney ("Kinney"). (Doc. # 62.) The first two causes of action are for breach of contract and negligent design stemming from engineering services Kinney performed beginning in 1997 related to a second pizza roll

1

fryer.[1]  This design apparently included modifications to an oil-transfer system, the installation of which was completed by at least August 1998.

Kinney has moved for summary judgment on both counts on the grounds that the statutes of limitations have run.  (Doc. # 101.)  The parties have completed their briefing, and Kinney's motion is now ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court must therefore grant a motion for summary judgment here if Plaintiff, the nonmoving party who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to his case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of Plaintiff, who must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

---

[1] The 1996 contract was between the Pillsbury Company and Kintech Services.  GMO subsequently purchased Pillsbury and Kintech, a Kinney affiliate, is no longer a separate entity.

nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52.)

### B. Analysis

As noted, GMO has asserted a claim for breach of contract and a claim for negligent design.  Kinney argues that the Count One breach of contract claim is in truth a disguised professional negligence/malpractice claim subject to a preclusive one-year statute of limitations.  The company also argues that the Count Two negligent design claim is in fact a claim for professional negligence/malpractice subject to the same statute of limitations set forth in Ohio Rev. Code § 2305.11.  That statute provides that "an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim ... be commenced within one year after the cause of action accrued."  Ohio Rev. Code § 2305.11(A).  Although the statute does not specify when the cause of action accrues, Kinney argues that § 2305.11(A) is analogous to Ohio Rev. Code § 2305.09(D), a professional negligence statute that the Ohio Supreme Court has held is exempt from the discovery rule and which begins to run when a negligent act is committed.  *Investors REIT One v. Jacobs*, 46 Ohio St. 3d 176, 180, 546 N.E.2d 206, 210 (1989).

Arguing in the alternative, Kinney asserts that even if § 2305.11(A) does not apply here, Counts One and Two are nonetheless subject to § 2305.09(D)'s then-applicable four-year statute of limitations.  This statute provides that "[a]n action ... shall be brought within four years after

the cause thereof accrued ... [f]or an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code." Ohio Rev. Code § 2305.09(D).

The Court need not resolve which statute of limitations–if either–applies here because, as GMO notes in its memorandum in opposition, Kinney has waived, or more accurately forfeited, the defense. (Doc. # 107, at 6 n.10.) Federal Rule of Civil Procedure 8 provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... statute of limitations." Fed. R. Civ. P. 8(c). Here, however, Kinney failed to assert the affirmative defense of statute of limitations in any of the thirteen defenses contained within its July 29, 2005 responsive pleading.[2] (Doc. # 66.) The Sixth Circuit has explained:

> A response to a pleading must set forth any matter constituting an affirmative defense. Fed. R. Civ. P. 8(c). Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense. *Haskell v. Washington Twp.,* 864 F.2d 1266, 1273 (6th Cir.1988). With respect to the affirmative defense that a plaintiff's claim is barred by the statute of limitations, "[i]t is of no importance that a party and/or his counsel were unaware of a possible statute of limitations defense." *Id.*

*Horton v. Potter*, 369 F.3d 906, 911-12 (6th Cir. 2004). Kinney has thus forfeited its statutes of

---

[2] Even construed broadly, none of the defenses Kinney actually asserted can be read to assert with fair notice the statutes of limitations defenses. *See* Doc. # 66, First Defense (general denial), Second Defense (denial as affirmative defense), Third Defense (failure to state a claim upon which relief can be granted), Fourth Defense (failure to join necessary parties), Fifth Defense (comparative and/or contributory negligence), Sixth Defense (causation), Seventh Defense (waiver or estoppel), Eighth Defense (causation), Ninth Defense (spoliation of evidence), Tenth Defense (misuse of product), Eleventh Defense (superseding/intervening causes), Twelfth Defense (assumption of the risk), Thirteenth Defense (product was state of the art).

limitations defenses.[3] *See United States v. One Tract of Real Property with Buildings, Appurtenances and Improvements, located at U.S. Highway 411 South, Loudon, Loudon County, Tennessee*, 60 Fed. Appx. 599, 600 (6th Cir. 2003); *United States v. Totzkay*, 23 Fed. Appx. 342, 344 (6th Cir. 2001); *Brunet v. City of Columbus*, 1 F.3d 390, 402-03 (6th Cir. 1993); *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988).

In its reply memorandum, Kinney curiously does not acknowledge its pleading omission, despite GMO's reliance on the failure to assert statute of limitations. This reliance distinguishes the instant case from those cases in which a plaintiff did not object to a defendant raising a statute of limitations defense for the first time in a summary judgment motion. *See, e.g., Stupak-Thrall v. Glickman*, 346 F.3d 579, 585 (6th Cir. 2003). Accordingly, the Court concludes that the basis for Kinney's summary judgment motion is unavailable to that defendant. *See Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 824 (6th Cir. 1990) ("Plaintiff-appellant has been prosecuting this case for a number of years, and to allow the defendants to raise this affirmative defense initially at the summary judgment motion would violate Rule 8(c) and unfairly prejudice the plaintiff, which is why the rule requires that such a defense be asserted in the answer").

---

[3] Pursuant to *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895 (6th Cir. 2002), this Court has looked to Ohio law to determine whether the state statutory limitations periods function as affirmative defenses–and has found that they do, thus rendering them subject to mandatory pleading under Fed. R. Civ. P. 8(c). *See* Ohio R. Civ. P. 8(C); *Greenwood Rehabilitation, Inc. v. Boxell*, No. L-04-1256, 2005 WL 1201019, at *1 (Ohio 6th Dist. May 20, 2005) (limitations period in § 2305.11(A) is an affirmative defense); *Herbert v. City of Canton*, No. 2001CA00281, 2002 WL 287633, at *5 (Ohio 5th Dist. Feb. 25, 2002) (limitations period in § 2305.11(A) is an affirmative defense subject to waiver if not pled); *O'Brien v. First Nat'l Bank of Pa.*, No. 99-T-0100, 2000 WL 1459855, at *1 (Ohio 11th Dist. Sept. 29, 2000) (limitations period in § 2305.09 is an affirmative defense); *Midwest Guardian v. Cook*, No. 1-93-73, 1995 WL 102646, at *4 (Ohio 3d Dist. Mar. 1, 1995) (limitations period in § 2305.09 is an affirmative defense).

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Kinney's motion for summary judgment.

(Doc. # 101.)

**IT IS SO ORDERED.**

>   /s/   Gregory L. Frost
> GREGORY L. FROST
> UNITED STATES DISTRICT JUDGE